UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BETHANY A.,

                        Plaintiff,

v.                                                      1:20-CV-1267
                                                     (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     JEANNE MURRAY, ESQ.
  Counsel for Plaintiff                              KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 12.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**       **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1996. (T. 59.) She completed high school. (T. 200.) Generally, Plaintiff's alleged disability consists of scoliosis, chronic pain, bipolar disorder, obsessive compulsive disorder ("OCD"), and depression. (T. 199.) Her alleged disability onset date is July 1, 2015. (T. 195.)

### B. Procedural History

On November 28, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 59.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 21, 2019, Plaintiff appeared before the ALJ, William Weir. (T. 29-58.) On October 23, 2019, ALJ Weir issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 13-28.) On November 1, 2019, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 18-24.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 28, 2017. (T. 18.) Second, the ALJ found Plaintiff had the severe impairments of: scoliosis status post fusion surgery; depression; and anxiety. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 18.) Fourth, the ALJ found Plaintiff had the residual functional

capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except Plaintiff:

> can have incidental contact (defined at 5% or less) with coworkers, and occasional contact with supervisors after an initial training period sufficient to learn work at the SVP 2 level, and no contact with the public, can perform simple, repetitive, one and two step tasks performed within a short learning period.

(T. 20.)[1]  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 23-24.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to reconcile the physical RFC with the consultative examiner's opinion, despite finding the opinion persuasive.  (Dkt. No. 9 at 11-16.)  Second, and lastly, Plaintiff argues the ALJ failed to reconcile the mental RFC with the consultative examiner's opinion.  (*Id*. at 16-23.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 11.)

### B. Defendant's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

In response, Defendant makes two arguments. First, Defendant argues the consultative examiner's assessment supports the ALJ's physical RFC. (Dkt. No. 10 at 12-13.) Second, and lastly, Defendant argues substantial evidence supports the mental portion of the RFC determination. (*Id*. at 13-20.)

## III.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

   **A. Opinion Evidence and Physical RFC Determination**

Plaintiff argues that despite finding the consultative examiner's opinion persuasive, the ALJ failed to reconcile the RFC with limitations provided in the opinion and therefore the RFC is not based on substantial evidence. (Dkt. No. 9 at 11.) For the reasons outlined below, the ALJ's RFC determination is consistent with the opinion of consultative examiner, Hongbiao Liu, M.D.

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1)[2]. The ALJ is responsible for assessing Plaintiff's RFC. *Id*. § 416.936(c). Although the ALJ has the responsibility to determine the RFC, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 416.912(c), 416.945(a).

On January 16, 2018, Plaintiff underwent an internal medicine consultative examination with Dr. Liu. (T. 270-275). Based on Plaintiff's reported history and an examination, Dr. Liu opined Plaintiff had "mild to moderate limitation for prolonged walking, bending, kneeling, and overhead reaching." (T. 274.) The ALJ found Dr. Liu's

---

[2]   On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed her claim after March 27, 2017.

opinion persuasive, reasoning it was supported by the doctor's examination findings and not inconsistent with other evidence in the record.  (T. 23.)

In addition to Dr. Liu's opinion, non-examining Stage agency medical reviewer B. Stouter, M.D., reviewed the record on March 5, 2018 and provided a medical source statement.  (T. 69.)  Dr. Stouter opined Plaintiff could perform the exertional requirements of light work, and additionally could sit for six hours out of an eight-hour workday; could frequently stoop (i.e. bending at the waist); and had no limitation in her ability to climb, balance, kneel, crouch or crawl.  (T. 68.)  Dr. Stouter indicated Plaintiff had no manipulative, visual, or communicative limitations.  (*Id*.)  Drs. Liu and Stouter are the only medical sources to opine on Plaintiff's physical functional abilities.

Plaintiff asserts "mild to moderate" physical limitations are "clearly inconsistent" with the demands of light work.  (Dkt. No. 9 at 14-16.)  Contrary to Plaintiff's assertion courts within the Second Circuit have found that a doctor's assessment of "mild" and "moderate" limitations supportive of an RFC for light work.  *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (consultative physician opinion that plaintiff had moderate limitations in standing, sitting, and performing "other activities" supported RFC for light work); *see Henderson v. Saul*, 788 F. App'x. 86, 87 (2d Cir. 2019) (substantial evidence supporting RFC determination allowing for light work includes medical opinion evidence of mild-to-moderate limitations for prolonged walking); *see White v. Berryhill*, 753 F. App'x. 80, 82 (2d Cir. 2019) (consultative examiner's opinion describing "moderate" limitations in exertional activities supports RFC for a modified range of light work); *see Lewis v. Colvin*, 548 F.  App'x. 675, 677-678 (2d Cir. 2013) ("the ALJ's determination that [plaintiff] could perform 'light work' is supported by [the physician's] assessment of

7

'mild limitations for prolonged ... walking' "); *see also Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (rejecting plaintiff's argument that the consultative examiner's opinion was "incomplete and vague" and affirming RFC for light work with occasional climbing balancing, stooping, kneeling, crouching, and crawling, where the consultative examiner opined that plaintiff had a "mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting."); *see Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021) (courts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work) (collecting cases); *see John H. v. Comm'r of Soc. Sec.,* No. 1:20-CV-921, 2021 WL 2355107, at *6 (W.D.N.Y. June 9, 2021) (collecting cases); *see Randy L.B. v. Comm'r of Soc. Sec.*, 18-CV-0358, 2019 WL 2210596, at *7 (N.D.N.Y. May 22, 2019) (explaining that "there is voluminous legal authority...that supports the ALJ's finding of light work based in part on the mild to moderate limitations opined by [consultative examiner]"); *see April B. v. Saul*, 18-CV-0682, 2019 WL 4736243, at *5 (N.D.N.Y. Sept. 27, 2019) ("Indeed, moderate limitations in standing and walking [and lifting] are consistent with light work."). Therefore, contrary to Plaintiff's assertion, the ALJ's RFC for light work is consistent with Dr. Liu's "mild to moderate" exertional limitations.

In addition, up to moderate limitations in reaching and other postural limitations, such as those opined by Dr. Liu, are generally considered consistent with an RFC limiting a plaintiff to light work. *Paula L. v. Comm'r of Soc. Sec.*, No. 20-CV-1224, 2021 WL 3549438, at *7 (W.D.N.Y. Aug. 11, 2021) (collecting cases); *see Gurney v. Colvin*,

No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (ALJ's RFC for a full range of light work consistent with consultative examiner's opinion plaintiff had moderate limitations with respect to heavy lifting, bending, reaching, pushing, pulling, or carrying) (collecting cases); *see also My-Lein L., v. Comm'r of Soc. Sec.*, -- F.Supp.3d ---, No. 1:20-CV-00446, 2021 WL 3266230, at *5 (W.D.N.Y. July 30, 2021) (RFC for sedentary work is more restrictive than the mild to moderate limitations assessed by consultative examiners which are consistent with an RFC for light work). Therefore, as with exertional limitations, mild to moderate limitations in non-exertional activities are not inherently inconsistent with the demands of light work.

In addition to Dr. Liu's opinion, the ALJ's RFC determination is supported by the opinion of Dr. Stouter. The ALJ determined Dr. Stouter's opinion, that Plaintiff could perform light work, persuasive. (T. 23.) Further, as outlined by the ALJ, the record contains "virtually no records" of medical treatment in the file related to Plaintiff's scoliosis and back pain. (T. 22.) In response to a request for records from Plaintiff's reported orthopedist, the office responded Plaintiff had not been treated since 2011. (T. 22, 276.) Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

Overall, the ALJ's RFC determination that Plaintiff could perform light work properly accounts for the mild to moderate physical limitations identified by Dr. Liu and is further supported by Dr. Stouter's opinion.

### B. Opinion Evidence and Mental RFC Determination

Plaintiff argues the ALJ's mental RFC determination is not supported by substantial evidence because the ALJ found the opinion of consultative examiner

9

persuasive however the limitations provided in the mental RFC "are not actually consistent" with the opinion. (Dkt. No. 18 at 16-23.) For the reasons outlined below, the ALJ's mental RFC is consistent with and supported by the opinion of the consultative examiner.

On January 16, 2018, consultative examiner Janine Ippolito, Psy.D. performed a psychiatric evaluation and provided a medical source statement. (T. 264-269.) Dr. Ippolito opined Plaintiff had no limitations in her ability to: understand, remember, or apply simple directions and instructions; sustain an ordinary routine and regular attendance at work; and maintain personal hygiene and appropriate attire. (T. 267.) Dr. Ippolito opined Plaintiff had mild limitations in her ability to sustain concentration and perform a task at a consistent pace. (T. 268.) She opined Plaintiff had moderate limitations in her ability to: understand, remember, or apply complex directions and instructions; use reason and judgment to make work-related decisions; interact adequately with supervisors, co-workers, and the public; regulate emotions, control behavior, and maintain well-being; and demonstrate awareness of normal hazards and taking appropriate precautions. (T. 267-268.) The doctor concluded her opined limitations were due to Plaintiff's "emotional distress, distractibility, substance use, and suspected cognitive deficits." (T. 268.) Dr. Ippolito stated that the results of her evaluation "appear to be consistent with psychiatric and substance abuse problems, but, in itself, this does not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." (*Id*.)

On February 2, 2018, non-examining State agency medical examiner, T. Bruni, Ph.D., reviewed Plaintiff's record and opined Plaintiff's psychiatric impairments were

"non severe." (T. 64.) In a narrative portion of his report, Dr. Bruni stated Plaintiff's psychiatric impairments are currently mild. (T. 65.) No treating source provided an opinion concerning Plaintiff's mental functional abilities.

The ALJ found Dr. Ippolito's opinion persuasive, "but many of the limitations are based on [Plaintiff's] report and the hypothesis that [Plaintiff] has some intelligence limitations." (T. 23.) The ALJ found Dr. Bruni's opinion "not persuasive" because the totality of the evidence supported some limitations of a moderate degree based on Plaintiff's treatment history. (*Id.*) Indeed, contrary to Dr. Bruni's opinion, the ALJ determined Plaintiff's mental impairment were severe and provided additional mental limitations in the RFC. (T. 18, 20.)

Plaintiff argues, without citation to the any authority, Dr. Ippolito's mild to moderate limitations in mental functional abilities are inconsistent with the ALJ's mental RFC determination. (Dkt. No. 9 at 16-18.) Further, Plaintiff appears to argue the ALJ impermissibly assessed the persuasive value of Dr. Ippolito's opinion based on the source's reliance on Plaintiff's subjective complaints. (*Id.*) Although the ALJ noted Dr. Ippolito's opined limitations appeared to be based on Plaintiff's self-reports, the ALJ nonetheless found the opinion persuasive and the ALJ's RFC determination is consistent with the doctor's limitations. (T. 23.)

A finding of moderate limitations in mental functioning does not preclude the ability to perform unskilled work. The Second Circuit has held that moderate limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than

11

moderate limitations in her work-related functioning, and most reported less severe limitations."); *see McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (failure to incorporate limitations in a hypothetical is harmless error if the evidence demonstrates plaintiff can engage in simple, routine tasks or unskilled work despite limitations or the hypothetical otherwise implicitly accounted for plaintiff's non-exertional limitations); *see Whipple v. Astrue*, 479 F. App'x. 367, 370 (2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment).  Therefore, the ALJ's mental RFC limiting Plaintiff to simple, routine, repetitive tasks with additional social limitations is consistent with Dr. Ippolito's medical opinion.

In addition, the ALJ's mental RFC is supported by addition evidence in the record.  The ALJ concluded Plaintiff had greater limitations than those opined by Dr Bruni.  (T. 23.)  The ALJ further relied on Plaintiff's mental health treatment history, objective observations, and Plaintiff's activities of daily living.  (T. 21-22.)

Lastly, the ALJ did not err in failing to order intelligence testing.  (Dkt. No. 9 at 19-21.)  The ALJ found Dr. Liu's opinion persuasive and her opinion, together with the record as a whole, supports the ALJ's mental RFC limitations.  Despite noting "suspected cognitive deficits," Dr. Liu ultimately opined Plaintiff was capable of performing simple, routine, repetitive work.  (T. 267-268); *see Hyshaw v. Comm'r of Soc. Sec.*, 797 F. App'x 671, 672 (2d Cir. 2020) (ALJ not obligated to obtain additional testing were consultative examiner and non-examining State agency medical reviewer concluded plaintiff could perform simple work despite her cognitive limitations).  Plaintiff

did not allege cognitive impairments in her application. (T. 61, 199.) Therefore, the ALJ was not obligated to order additional testing.

Overall, the ALJ properly assessed the opinion evidence in the record and the ALJ's RFC for a reduced range of light work is supported by substantial evidence in the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: January 18, 2022

*[signature: Bill Carter]*
William B. Mitchell Carter
U.S. Magistrate Judge